UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHANIE F. GREYER,

            Plaintiff,

v.

JOHN/JANE DOES, *ORGANIZED CRIME*,

            Defendant.

Case No. 24-CV-301-JPS

ORDER

---

On March 7, 2024, Plaintiff Stephanie Greyer ("Plaintiff"), proceeding pro se, filed this lawsuit together with a motion for leave to proceed without prepayment of the filing fee. ECF Nos. 1, 2.[1] This Order screens Plaintiff's complaint, and, finding that it is frivolous, dismisses the case with prejudice and denies as moot the motion for leave to proceed without prepayment of the filing fee.

---

[1] Plaintiff has previously filed eight cases in this district, all of which were dismissed as frivolous. *Stephanie F. Greyer v. Fed. Bureau of Investigation*, Case No. 22-CV-251-BHL, ECF No. 7 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. FBI Agent Tanner et al.*, Case No. 22-CV-252-BHL, ECF No. 3 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. Fed. Bureau of Investigation*, Case No. 22-CV-253-BHL, ECF No. 6 (E.D. Wis. April 7, 2022); *Stephanie F. Greyer v. Mooseheart Child City and Sch. et al.*, Case No. 22-CV-254-BHL, ECF No. 4 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. Diamond Helms et al.*, Case No. 22-CV-374-BHL, ECF No. 3 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. Natasha Speed et al.*, Case No. 22-CV-375-BHL, ECF No. 3 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. Fed. Bureau of Investigation Chicago et al.*, Case No. 22-CV-376-BHL, ECF No. 3 (E.D. Wis. April 7, 2022); *Stephanie F. Greyer v. Fed. Bureau of Investigation et al.*, Case No. 22-CV-377-BHL, ECF No. 3 (E.D. Wis. Apr. 7, 2022).

When a pro se litigant seeks to proceed without prepayment of the filing fee, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, "not even excessively liberal construction rescues frivolous *pro se*

Page 2 of 5

Case 2:24-cv-00301-JPS   Filed 03/11/24   Page 2 of 5   Document 3

complaints." *Mooseheart*, Case No. 22-CV-254-BHL, ECF No. 4 at 2 (citing *Denton*, 504 U.S. at 33). Notwithstanding the district court's obligation to "accept as true all of the well-pleaded facts in the complaint," *Kubiak*, 810 F.3d at 480–81 (citation omitted), it is not required "to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citing *Nietzke*, 490 U.S. at 327–28; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)).

Plaintiff purports to sue for a violation of her rights under federal law. ECF No. 1 at 4. However, her allegations do not make enough narrative sense for the Court to even begin determining what happened to her or on what, if any, legal claims she could proceed. Indeed, she has not even named a defendant; where the complaint form prompts her to provide the "[f]ull name of defendant[s]," she has instead listed factual allegations, and later in the form, she has described the Defendant as "Organized Crime; etc." ECF No. 1 at 1–2. Her allegations do not provide "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, let alone provide any information from which the Court could discern even the basic theory of Plaintiff's case. In short, her allegations are "some combination of fantastic, impossible, and/or incomprehensible." *Mooseheart*, Case No. 22-CV-254-BHL, ECF No. 4 at 2.

Plaintiff's complaint is premised entirely on these kind of incoherent allegations and, viewing it in light of her extensive history of frivolous litigation in this District, *see supra* note 1, the Court has no reason to think that she could cure this problem through amending her complaint. Accordingly, the Court need not give her leave to amend before dismissing her case. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*,

786 F.3d 510, 519 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (noting that the district court need not grant leave to amend where "any amendment would be futile").

For these reasons, the Court will deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee and will dismiss this case with prejudice because her complaint is frivolous. *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 751 (7th Cir. 2013) ("When a case of which the court has jurisdiction is dismissed because it . . . [is] frivolous . . . , the dismissal is a merits determination and is therefore with prejudice."); *Holland*, 503 F. App'x at 478 (affirming dismissal with prejudice of frivolous pro se complaint). Additionally, the Court warns Plaintiff that if she continues to file plainly frivolous actions in this District, she may be subject to sanctions including the imposition of a filing bar.

Accordingly,

**IT IS ORDERED** that Plaintiff Stephanie F. Greyer's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same hereby are **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** as frivolous.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of March, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.